No. 31,843

THE FARMERS & BANKERS LIFE INSURANCE COMPANY, *Appellant*, v. WILLIAM ZEIGLER et al. (*Defendants*), DANIEL R. YOUNG and WILLIAM W. HAWORTH, as Trustees, *Appellees*.

(38 P. 2d 132)

Opinion filed December 8, 1934.

*W. D. Jochems, J. Wirth Sargent, C. Edward Murray* and *Emmet A. Blaes*, all of Wichita, for the appellant.

*Arthur V. Roberts, Benjamin F. Hegler* and *Roger P. Almond*, all of Wichita, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action to foreclose a mortgage, recorded June 10, 1927, given to secure a note of $38,000 dated May 31, 1927, and due in five years. The mortgage was upon the entire title and interest of all the owners of two tracts of real property known in the record as the "Mathewson pasture" and the "Levy property." The defendants, Daniel E. Young and William W. Haworth, as trustees, answered with a general denial, and by cross petition alleged that they were trustees in two mortgages, one of which was executed by J. Shannon Nave and others, August 13, 1928, upon an undivided one-half interest in the property, and the

other executed by Charles W. Zeigler and others, on July 21, 1928, on an undivided one-eighth interest in the property; that they had foreclosed these mortgages and had purchased the property at the sheriff's sale held by virtue of such foreclosure, and that upon demand of the sheriff, and under and by virtue of the laws of the state, they paid to the sheriff the taxes then due, in the amount of $5,288.19, on the tract known as the Mathewson pasture and $2,411.88 on that known as the Levy property. They alleged that the taxes so paid are a first and prior tax lien on the property, superior to the mortgage lien of plaintiff; that they were forced to pay such taxes to protect their own mortgage lien and to protect plaintiff's mortgage lien, and they were paid under the direction of the court, which had established the tax lien as a first and paramount lien on the property. They asked to have the amount paid in taxes decreed to be a lien upon the property prior and superior to that of the plaintiff, and for other proper relief.

After a hearing the trial court allowed the defendants Young and Haworth, trustees, three-eighths of the taxes they alleged they paid, with interest thereon, aggregating $3,753.63, as a first and prior lien upon the property, and allowed plaintiff a lien under its mortgage subject to the lien of Young and Haworth, trustees, and decreed the foreclosure and sale of the property to satisfy both liens. Plaintiff has appealed from that portion of the decree allowing to the defendants Young and Haworth, trustees, a lien superior to that of plaintiff.

At the trial the validity of plaintiff's mortgage and the amount due it were conceded. The only question before the court was whether or not defendants Young and Haworth, as trustees, were entitled to a first lien for taxes paid in the foreclosure of their second mortgages. The evidence concerning that consisted of the records and files in the two foreclosure actions and in a partition suit, later to be mentioned. There were two of the foreclosure actions. Young and Haworth, as trustees, were plaintiffs in each of them. In one of them J. Shannon Nave and others were defendants, and the mortgage foreclosed covered an undivided one-half interest in the Mathewson pasture and the Levy property, also other property. The plaintiffs recovered a personal judgment against J. Shannon Nave in the sum of $210,587.86, against Charles W. Zeigler in the sum of $70,505.81, and William Zeigler in the sum

of $12,130.82. The decree provided for the sale of the real property described in the mortgage, and that upon the sale the proceeds thereof be applied: "1. To the payment of the costs of this action; 2. To the payment of taxes, if any, against said property; 3. To the payment of the judgment herein established; 4. And the remainder, if any, shall be brought into court to await the further order of the court." The return of the sheriff under the order of sale recites that he sold the undivided one-half interest in the Mathewson pasture and the Levy property, and the other property, to the plaintiffs in the action, "they being the highest and best bidders therefor, said bid being in the amount of $122,000 plus taxes in the amount of $10,349.88, plus court costs in the amount of $153.65." The trial court, in decreeing the confirmation of the sale, directed that a certificate of purchase be issued to the purchaser at such sale, fixed the period of redemption at eighteen months, provided that if the property were not redeemed by those entitled to redemption within that time that a good and sufficient sheriff's deed should be issued to the purchaser, and also that—

"Taxes paid by the legal representatives to the T. Reid Zeigler estate on property coming through that estate to William Zeigler and to the legal representatives of Charles W. Zeigler, deceased, shall constitute a tax lien and shall be protected against the respective interests so held."

In the other foreclosure action against Charles W. Zeigler and others the plaintiffs obtained a personal judgment against Charles W. Zeigler for $150,616.34 and a decree foreclosing their mortgage on an undivided one-eighth interest in the Mathewson pasture and the Levy property, also upon other property. The decree provided for the sale of the property and the application of the proceeds substantially as in the other case. The sheriff's return showed the property was bid in by the plaintiffs Young and Haworth, as trustees, for $22,500, plus taxes in the amount of $416.34, plus court costs in the amount of $121.80. The taxes mentioned were not taxes on the Mathewson pasture or the Levy property, but on other land described in the mortgage and decree. The decree of confirmation contained recitals similar to those in the decree of confirmation in the other case.

The plaintiff in this action, the Farmers & Bankers Life Insurance Company, was not a party defendant in either of these foreclosure actions, and the decree of foreclosure in each case specifically recited

that the decree was subject to the lien of the first mortgage held by the Farmers & Bankers Life Insurance Company.

Thereafter one of the parties having an undivided interest in the Mathewson pasture and the Levy property brought an action for their partition, setting out the shares and interest of each of the parties to the action, and alleged that such title and interest were subject to the mortgage in favor of the Farmers & Bankers Life Insurance Company. That company was made a party defendant in the action, and answered that it held the mortgage now sought to be foreclosed on the property, and that the same was a first and prior lien as against the interest and shares, or claims, of all the other parties. The findings and decree of the court in the partition action determined the interest, or shares, of contesting litigants in respect to the property. Among other things it was found that since the sale of the property in the foreclosure action, in which Young and Haworth, trustees, were plaintiffs and J. Shannon Nave and others were defendants, the "trustees have been compelled to pay taxes, for which they should have a lien against the respective interests in the property." The decree, among other things, recited "that the entire interest of all parties named is subject to a mortgage executed to the Farmers & Bankers Life Insurance Company, a corporation, . . . and that the undivided one-fourth interest of Zula M. Zeigler is subject to a lien for taxes paid on said property by the said Daniel R. Young and William W. Haworth, as trustees, in the amount of one thousand nine hundred twenty-five and 2/100 dollars ($1,925.02)." There was a similar decree as to a smaller item of taxes.

The decree in the partition action in respect to taxes has no bearing on the question before us, for the reasons: (1) It relates to taxes paid by Young and Haworth, trustees, *after the sale* in the foreclosure of the mortgage executed by J. Shannon Nave and others, and does not relate to taxes paid out of the proceeds of that sale; (2) it simply adjusted as between the owners of separate shares of the property items of taxes paid by one of them, in harmony with R. S. 79-426; and (3) all that was adjudged in the decree with respect to shares of the respective parties in the property, adjustment of taxes and other liens, was specifically made subject to the mortgage of the Farmers & Bankers Life Insurance Company.

The foreclosure of the second mortgage, executed by Charles W. Zeigler and others, has no bearing on the question before us for the reasons: (1) The taxes paid out of the proceeds of the sale in that action were taxes on land not involved here; (2) the decree specifically provided the mortgage was foreclosed subject to the first mortgage to the Farmers & Bankers Life Insurance Company; and (3) that company was not a party to the action, and nothing said in the decree could be binding upon it.

In the foreclosure of the second mortgage, executed by J. Shannon Nave and others, the taxes paid were in part taxes on the property here involved, but the Farmers & Bankers Life Insurance Company was not a party to that action, and the decree specifically foreclosed the mortgage subject to the mortgage to the Farmers & Bankers Life Insurance Company. What was said in the decree of confirmation in that case with respect to taxes related to an adjustment or charge against the owners of shares or interest in the property not then being foreclosed. It was not the purpose of the decree to make any taxes a lien in favor of the purchasers at the sheriff's sale in that action superior to the lien of the mortgage to the Farmers & Bankers Life Insurance Company, nor could it have had that effect had such been the purpose.

Young and Haworth, trustees, contend they paid the taxes at the time they purchased the property at the sheriff's sale. From a legal viewpoint their contention is erroneous. The taxes paid at that time were paid out of the proceeds of the sale, as the decree of the court in that case provided, which decree conforms to our statute (R. S. 79-419). While in the return of the order of sale the sheriff noted their bid in three separate items, of "$122,000, plus taxes of $10,349.88, plus court costs of $153.65," their bid was of necessity the gross amount of those sums, namely, $132,503.53. This is the amount out of which the court decreed the taxes and costs should be paid, and out of which they, of necessity, were paid. It is the amount which should have been inserted into the certificate of purchase issued to Young and Haworth, trustees, and is the amount, with interest and other proper charges (R. S. 1933 Supp. 60-3439), which anyone holding the equity of redemption would have been compelled to pay to Young and Haworth, trustees, in order to redeem the property from the sale. We find no basis in this evidence to support the argument that Young and Haworth, trustees, in addition to getting their certificate of purchase for the gross amount of

their bid, were entitled to have any part retained as a lien upon the property superior to that of the first mortgage. The holder of the first mortgage was not a party to that action. All that was done in it was specifically done subject to the rights of the holder of that mortgage.

We do not regard the decisions of this court in *Bank v. Wyman,* 65 Kan. 314, 69 Pac. 326, cited by appellee, as being in point. Many cases from other jurisdictions have been cited by both parties. We have examined many of these and find them not helpful because the statutes construed, or the facts, differ materially from those before us. We regard this case, under the facts, as being controlled by our statutes.

The judgment of the court below is reversed, with directions to enter judgment in favor of the plaintiff, giving it a first lien for the amount disclosed by its petition.

Hutchison, J., not sitting.